# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK EARL RUMMERFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:22-cv-01571-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY FOOTNOTES SHOULD BE STRICKEN FROM MOTION FOR SUMMARY JUDGMENT AS SANCTION FOR VIOLATING PAGE LIMITS<br><br>(ECF No. 18)<br><br>DEADLINE: CLOSE OF BUSINESS MARCH 18, 2024 |

On June 2, 2022, Jack Earl Rummerfield ("Plaintiff") filed a motion for summary judgment seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits pursuant to the Social Security Act. Upon review of Plaintiff's motion, the Court finds a willful violation of the page limits set forth in the General Civil Case Information for the undersigned. Accordingly, Plaintiff shall be ordered to show cause why the footnotes in the motion for summary judgment should not be stricken as a sanction for violating the Court's page limitations for motions.

Pursuant to the Court's general procedures, "all moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25 pages). . . . Briefs that exceed the page limitations or are sought to be filed without leave may not be considered." See General Civil Case

Information, ¶ 7, available at http://www.caed.uscourts.gov, under Judges; United States Magistrate Judge Stanley A. Boone (SAB), General Civil Case Information.

Plaintiff's motion for summary judgment is 28 pages in length. Review of the motion shows extensive use of footnotes which the Court finds to be a willful attempt to violate the page limits set forth above. Footnotes in the instant motion comprise approximately a half page on 4 pages (Mot. at 14, 15, 20, 26), a third page on 2 pages (id. at 24, 27), a quarter page on 2 pages (id. at 17, 22), and over three quarters of the page on 1 page (id. at 23). Further, these footnotes contain argument and citations to law and evidence in support of Plaintiff's motion. Plaintiff did not seek leave to file an oversized brief in this matter, and review of the motion can only lead to the conclusion that the use of footnotes was willful in order to avoid the appearance of being over the page limits set forth above.

The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the Rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

Accordingly, IT IS HEREBY ORDERED THAT on or before close of business on March 18, 2024, Plaintiff shall show cause why the footnotes in Plaintiff's motion for summary judgment

should not be stricken for the willful violation of the Court's procedures setting a page limit of twenty-five pages for moving papers.

IT IS SO ORDERED.

Dated: **March 14, 2024**

_____
UNITED STATES MAGISTRATE JUDGE